**FORM 1.997.**          **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replaces nor supplement the filing and service of pleadings or other documents as required by law. This form shall be filed by the plaintiff or petitioner with the Clerk of Court for purpose of reporting uniform data pursuant to section 25.075, Florida Statute. (See instructions for completion.)

---

## 1. CASE STYLE

In the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida

_Germaine Brooks_
Plaintiff(s)

Case Number: _2025-CA - 3022-0_

Division: _40_

vs

_Full Sail University_
Defendant(s)

---

## 2. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. <u>The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purposes.</u>

- ☐ $8,000 or less          _____
- ☐ $8,001 - $30,000        _____
- ☐ $30,001 - $50,000       _____
- ☐ $50,001 - $75,000       _____
- ☐ $75,001 - $100,000      _____
- ☑ over $100,000.00        _____

## 3. TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an X in both the main category and subcategory boxes.

### CIRCUIT CIVIL

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence

- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect

- ☐ Homestead residential foreclosure $50,001 - $249,999
- ☐ Homestead residential foreclosure $250,000 or more
- ☐ Non-homestead residential Foreclosure $0 - $50,000
- ☐ Non-homestead residential Foreclosure $50,001-$249,999
- ☐ Non-homestead residential Foreclosure $250,000 or more
- ☐ Other
  - ☐ Antitrust / trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge – statute or ordinance
  - ☐ Constitutional challenge – proposed amendment

Form 1.997                                                                 Page 1 of 3

☐ Mass tort
☐ Negligent security
☐ Nursing home negligence
☐ Premises liability – commercial

☐ Premises liability – residential
☐ Products liability
☐ Real property / Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 - $50,000

☐ Corporate trusts
☑ Discrimination – employment or other
☐ Insurance claims
☐ Intellectual property

☐ Libel / Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

☐ PLEASE CHECK THIS BOX IF THIS CASE IS APPROPRIATE FOR ASSIGNMENT TO THE COMPLEX BUSINESS LITIGATION DIVISION.

**COUNTY CIVIL**

☐ Small Claims
☐ Civil
☐ Real property/Mortgage foreclosure
☐ Replevins
☐ Evictions
   ☐ Residential Evictions
   ☐ Non-Residential Evictions
☐ Other civil (non-monetary)

4. **REMEDIES SOUGHT** (Check all that apply):
☑ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☑ Punitive

5. **NUMBER OF CAUSES OF ACTION:** _____
(Specify) _____ Multiple and Numerous _____

6. **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☑ No

7. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☑ No
   ☐ Yes. If "Yes", list all related cases by name, case number and court. _____

Form 1.997

**8. IS JURY TRIAL DEMANDED IN COMPLAINT?**

☑ Yes

☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____     FL Bar Number _____

          Attorney or Party               (Bar Number if attorney)

____Germaine Brooks____     ____4-8-25____

       Type or Print Name               Date

Form 1.997     Page 3 of 3

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

In the Circuit Court of the Ninth Judicial Circuit For Orange County, Florida

|  |  |
|---|---|
| **Germaine Brooks** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**Germaine Brooks**

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

**Full Sail University**

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Case No. 2025- CA - 3022- 0
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Germaine Brooks |
| Street Address | 1400 Prince Philip Dr. |
| City and County | Casselberry, Seminole |
| State and Zip Code | 32707 |
| Telephone Number | 4075879065 |
| E-mail Address | germaine.brooks941@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Full Sail University |
| Job or Title *(if known)* | |
| Street Address | 3300 University Blvd. |
| City and County | Winter Park , Orange |
| State and Zip Code | 32792 |
| Telephone Number | 407-679-6333 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act of 1964 ("Title VII")

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff, *(name)* Germaine Brooks , is a citizen of the State of *(name)* Florida .

    b.    If the plaintiff is a corporation

        The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* __Full Sail University__ , is incorporated under the laws of the State of *(name)* __Florida__ , and has its principal place of business in the State of *(name)* __Florida__ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* __Winter Park, Florida__ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

**Loss of wages due to discrimination also emotional distress.**

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**I a former Full Sail employee who worked as an Admissions Guide, was discriminated against on the basis of my race and I also faced unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").**

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**I am seeking monetary damages as i was unlawfully discriminated against and terminated. This resulted in a major loss of wages, career derailment and much pain and suffering.**

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

---

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     4-8-2025

*Amount of Claim over $100,000*

Signature of Plaintiff

Printed Name of Plaintiff     *Germaine Brooks*

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/04/2024

**To:** Mr. Germaine D. Brooks
1400 Prince Philip Dr.
CASSELBERRY, FL 32707
Charge No: 510-2024-02918

EEOC Representative and email:   **EDRAS REGISME**
**Federal Investigator**
edras.regisme@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2024-02918.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
11/04/2024
Evangeline Hawthorne
Director

Cc:
M.C. Cravatta
Foley & Lardner LLP
301 E PINE ST STE 1200
Orlando, FL 32801

Elaine Saunders
3300 University blvd.
Winter Park, FL 32792


Please retain this notice for your records.

IN THE COUNTY/CIRCUIT COURT OF THE _____9th_____ JUDICIAL
CIRCUIT IN AND FOR _Orange_ COUNTY, FLORIDA

__Germaine Brooks__,
~~Petitioner/State~~

CASE NO: _2025-CA-3022-0_
DIVISION: _____40_____

v.

__Full Sail University__,
**Defendant/ Respondent**

## DESIGNATION OF E-MAIL ADDRESS FOR A PARTY
## NOT REPRESENTED BY AN ATTORNEY [FORM 2.602]

Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(1)(C),
I, _Germaine Brooks_, designate the e-mail address(es) below for electronic service of all documents related to this case.

By completing this form, I am authorizing the court, clerk of court, and all parties to send copies of notices, orders, judgments, motions, pleadings, or other written communications to me by e-mail or through the Florida Courts E-filing Portal.

I understand that I must keep the clerk's office and any opposing party or parties notified of my current mailing address or e-mail address. I will file a written notice with the clerk if my mailing address or e-mail address changes again.

Designated e-mail address: _germaine.brooks941@gmail.com_
Secondary designated e-mail address(es), if any:_____
_____

I certify that a copy has been furnished on _____, by ☐e-mail, ☐delivery, ☐mail [choose one] to: Clerk of Court for _____ County, and to:_____
_____
(insert name(s) and address(es)

Signature: _____

Printed Name: __Germaine Brooks__

E-mail address: _germaine.brooks941@gmail.com_

Address: _1400 Prince Philip Dr. Casselberry, FL 32707_

Phone number: _407 587 9065_

IN THE CIRCUIT/COUNTY COURT OF THE _____9TH_____ JUDICIAL CIRCUIT
IN AND FOR __ORANGE__ COUNTY, FLORIDA

**Germaine Brooks**
_____
Plaintiff/Petitioner or In the Interest of

CASE NO. _2025-CA-3022-0_

__Full Sail University__ vs.
Defendant//Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable up to 1 year in jail or up to $1,000 in fines, as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information provided on this application is true and accurate to the best of my knowledge.

Signed on __April 8__, 20_25_.

_____
Signature of Applicant for Indigent Status

__1/19/84__        __019-0__
Year of Birth    Last 4 digits of Driver License or ID Number

Print Full Legal Name: __Germaine Brooks__

Email address: __germaine.brooks9410@gmail.com__   Phone Number/s: __407 5879065__

__1400 Prince Philip Dr. Casselberry, FL 32707__
Address: Street, City, State, Zip Code

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have __1__ dependents. *(Do not include children not living at home and do not include a working spouse or yourself.)*

2. **My take home pay is $__150__** paid ☑ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other _____.
   *Include cash payments. Include only your "net" pay. Your take home pay (net income) is your total salary and wages minus deductions required by law, including court-ordered support payments.*

3. **I have other income paid** ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other __none__.
   *(Check "Yes" and fill in the amount if you have this kind of income, otherwise check "No")*

| | | | | | |
|---|---|---|---|---|---|
| Social Security benefits | ☐Yes $_____ | ☑No | Workers compensation | ☐Yes $_____ | ☑No |
| Unemployment compensation | ☐Yes $_____ | ☑No | Regular support from | | |
| Union payments | ☐Yes $_____ | ☑No | absent family members | ☐Yes $_____ | ☑No |
| Retirement/pensions | ☐Yes $_____ | ☑No | Rental income | ☐Yes $_____ | ☑No |
| Trusts | ☐Yes $_____ | ☑No | Dividends or interest | ☐Yes $_____ | ☑No |
| Veterans' benefits | ☐Yes $_____ | ☑No | Other kinds of income not on the list | ☐Yes $_____ | ☑No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. **I have other assets:** *(Check "yes" and fill in the value of the property, otherwise check "No")*

| | | | | | |
|---|---|---|---|---|---|
| Cash | ☐Yes $_____ | ☑No | Bank/Savings account | ☐Yes $_____ | ☑No |
| Car/Motor Vehicle* | ☐Yes $_____ | ☑No | Stocks/bonds/Certificates of Deposit | ☐Yes $_____ | ☑No |
| Money market accounts | ☐Yes $_____ | ☑No | Homestead real estate | ☐Yes $_____ | ☑No |
| Boats/other tangible property* | ☐Yes $_____ | ☑No | Non-homestead real estate* | ☐Yes $_____ | ☑No |
| *show loans on these assets in paragraph 5 | | | Other assets* | ☐Yes $_____ | ☐No |

Check one: I ☐ DO/ ☑ DO NOT expect to receive more assets in the near future. The asset and value is _____.

5. I have total liabilities and debts in the amount of $_____. I have loan balances on assets in paragraph 4:
   Car/Motor Vehicle $__10,000__; Homestead $_____; Non-homestead real estate $_____; Boat $_____;
   Other tangible property (identify here) _____ and loan balance $__24,000 student loans__

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ( ) Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on _____, 20 ___.

_____
Clerk of the Circuit Court
By _____, Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.**

Sign here if you want the judge to review the clerk's decision _____

Updated 4/7/2021

9TH

IN THE CIRCUIT/COUNTY COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR __ORANGE__ COUNTY, FLORIDA

__Germaine Brooks__
Plaintiff/Petitioner or In the Interest of

CASE NO. __2025-CA-3022-O__

__Fulsail University__ vs.
Defendant//Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable up to 1 year in jail or up to $1,000 in fines, as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information provided on this application is true and accurate to the best of my knowledge.

Signed on __April 8__, 20 __25__.

__1/19/84__        __019-0__                    _____
Year of Birth    Last 4 digits of Driver License or ID Number    Signature of Applicant for Indigent Status

Print Full Legal Name: __Germaine Brooks__
Email address: __germaine.brooks9470@gmail.com__ Phone Number/s: __407 5879065__
__400 Prince Philip Dr. Casselberry, FL 32707__
Address: Street, City, State, Zip Code

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have __1__ dependents. *(Do not include children not living at home and do not include a working spouse or yourself.)*

2. **My take home pay is $__150__** paid ☑ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other _____.
*Include cash payments. Include only your "net" pay. Your take home pay (net income) is your total salary and wages minus deductions required by law, including court-ordered support payments.*

3. **I have other income paid** ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other __None__.
*(Check "Yes" and fill in the amount if you have this kind of income, otherwise check "No")*

| | | | | |
|---|---|---|---|---|
| Social Security benefits | ☐Yes $_____ | ☑No | Workers compensation | ☐Yes $_____ ☑No |
| Unemployment compensation | ☐Yes $_____ | ☑No | Regular support from | |
| Union payments | ☐Yes $_____ | ☑No | absent family members | ☐Yes $_____ ☑No |
| Retirement/pensions | ☐Yes $_____ | ☑No | Rental income | ☐Yes $_____ ☑No |
| Trusts | ☐Yes $_____ | ☑No | Dividends or interest | ☐Yes $_____ ☑No |
| Veterans' benefits | ☐Yes $_____ | ☑No | Other kinds of income not on the list | ☐Yes $_____ ☑No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, **although I may agree to pay more if I choose to do so.**

4. **I have other assets:** *(Check "yes" and fill in the value of the property, otherwise check "No")*

| | | | | |
|---|---|---|---|---|
| Cash | ☐Yes $_____ | ☑No | Bank/Savings account | ☐Yes $_____ ☑No |
| Car/Motor Vehicle* | ☐Yes $_____ | ☐No | Stocks/bonds/Certificates of Deposit | ☐Yes $_____ ☑No |
| Money market accounts | ☐Yes $_____ | ☑No | Homestead real estate | ☐Yes $_____ ☑No |
| Boats/other tangible property* | ☐Yes $_____ | ☑No | Non-homestead real estate* | ☐Yes $_____ ☑No |
| *show loans on these assets in paragraph 5 | | | Other assets* | ☐Yes $_____ ☐No |

Check one: I ☐ DO/ ☑DO NOT expect to receive more assets in the near future. The asset and value is _____.

5. I have total liabilities and debts in the amount of $_____. I have loan balances on assets in paragraph 4:
   Car/Motor Vehicle $__10,000__; Homestead $_____; Non-homestead real estate $_____; Boat $_____;
Other tangible property (identify here) _____ and loan balance $__24,000__ student loans

---

**CLERK'S DETERMINATION**

Based on the information in this Application, I have determined the applicant to be (☑) Indigent ( ) Not Indigent, according to s. 57.082, F.S.
Dated on __APRIL 8TH__, 20 __25__.

TIFFANY MOORE RUSSELL
Clerk of the Circuit Court
By _____, Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.**
Sign here if you want the judge to review the clerk's decision _____

Updated 4/7/2021

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.: 2025-CA-3022-0
Division: 40

Germaine Brooks

Petitioner,

and

Full Sail University

Respondent.

## SUMMONS:
## ORDEN DE COMPARECENCIA:
## CITATION:

TO/PARA/A: (name of party to be served), Fullsail University,
{address (including city and state)/location for service} 3300 University blvd.
winterpark, FL 32792

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court.
A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.
If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: {Name and address of party serving summons}

If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit

Court's office. You may review these documents, upon request.

You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Designation of Current Mailing and Email Address).

# IMPORTANTE

Usted ha sido demandado legalmente, Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo  rotegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado immediatament. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica. Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante al tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

{Name and address of party serving summons}

# IMPORTANT

Des poursuites judiciaries ont ete enterprises contre ous. Vous avez 20 jours consecutifts a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre response ecrite, avec mentin du numero de dossier ci-dessus et du nom des paties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

{Name and address of party serving summons}

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

CIVIL DIVISION
425 North Orange Avenue, Room 350
Orlando, Florida  32801-1626

TIFFANY M. RUSSELL
CLERK OF THE CIRCUIT COURT

By: _____
                                    Deputy Clerk

Filing # 220623958 E-Filed 04/09/2025 10:34:18 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2025-CA-003022-O
DIVISION:  40

**GERMAINE BROOKS,**
     Plaintiff,
and

**FULL SAIL UNIVERSITY,**
     Defendant.

_____/

## UNIFORM TRIAL AND CASE MANAGEMENT ORDER
**(General Track)**
*(Effective January 1, 2025)*

PURSUANT TO Florida Rules of General Practice & Judicial Administration 2.250 and 2.545 and Florida Rules of Civil Procedure 1.200 and 1.440, and based on the case type designated in the initial filing (as required by AO 2021-04-03), the Court ORDERS as follows:

1.     COMPLIANCE WITH UNIFORM TRIAL AND CASE MANAGEMENT ORDER. The parties must strictly comply with the terms of this Uniform Trial and Case Management Order ("UTCMO"), unless otherwise ordered by the court. Failure to comply with all requirements of this order may result in the imposition of sanctions, up to and including dismissal of this action or the striking of pleadings and entry of default final judgment.

2.     ADDITIONAL NINTH CIRCUIT AND DIVISION-SPECIFIC GUIDELINES. All counsel and unrepresented parties must be familiar with and comply with the following: (a) Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01); (b) Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02); and (c) any division-specific guidelines published by the division (or the division judge) in which the case is pending.

3.     MODIFICATION OF THIS ORDER. The parties may not, individually or by agreement, alter or extend the deadlines in this order or waive any of the provisions of this order. The provisions of this order may be modified only upon motion/stipulation and court order in

1

accordance with applicable law.

4.      SERVICE OF THIS ORDER WITH INITIAL PROCESS. The court will issue and electronically file a UTCMO within three (3) business days after the date of filing of the initial complaint.  Any party serving an initial pleading in this case must serve a copy of this order with initial service of process.

5.      CASE MANAGEMENT. The following pretrial deadlines are imposed. All dates are to be calculated from the date of the filing of the initial complaint unless otherwise noted. These are the dates that will control this case unless modified by court order pursuant to Florida Rule of Civil Procedure 1.200.

6.      TRIAL DATE.  This case is set for a jury trial during the trial docket beginning **4/5/2027** in **COURTROOM** <u>**18C**</u> beginning at **9:30 a.m.** at the ORANGE COUNTY COURTHOUSE, 425 N. Orange Ave., Orlando, FL 32801.

7.      PRETRIAL CONFERENCE.  Lead Trial Counsel, or a trial partner with full authority,[1] and unrepresented parties must attend a Pretrial Conference on **3/1/2027** beginning at **9:30 a.m.** virtually at:

https://ninthcircuit.webex.com/meet/40orange

Phone Number (audio only): 1-904-900-2303 or 408-418-9388

Access (for both numbers): 2339 961 4383

The parties must comply with the requirements for pretrial conferences of the division to which the case is assigned.  No motions will be heard at the pretrial conference except as otherwise provided for in the division guidelines or allowed by court order.

8.      CASE MANAGEMENT.  The following pretrial compliance deadlines are imposed. All dates must be calculated from the date of filing of the initial complaint unless otherwise noted.

---

[1] No other attorney may cover a pretrial conference unless they are: (i) fully prepared; (ii) have confirmed all pretrial requirements have been fulfilled, and (iii) have full authority from the client and lead counsel to make decisions about the case.

2

| Deadline for Service of Process: | 120 days |
|---|---|
| Automatic Extension for Service of Process if not perfected timely: | 30 additional days, for a total of 150 days. If service of process is not completed by the end of the Automatic Extension, all unserved defendants are automatically dismissed without prejudice and without notice or further opportunity to be heard. |
| Initial Discovery Disclosures: | 60 days after service. *See* Fla. R. Civ. P. 1.280(a)(3). |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike, and Any Objections to the Pleadings: | Must be filed, set for hearing and heard within 60 days from filing of the motion, or automatically deemed abandoned and denied without further order. |
| Disclosure of Expert Witnesses: | 365 days. |
| Deadline for Completion of Fact and Expert Discovery: | 540 days. |
| Motions for Summary Judgment, Daubert Motions and all other motions **except** motions in limine as set forth below: | Filed:    585 days.<br><br>Heard:    No later than 7 days prior to the Pretrial Conference or automatically deemed abandoned and denied without further order. |
| Motions in Limine: | Filed:    Prior to the Pretrial Conference.<br><br>Heard:    No later than 7 days prior to the beginning of the trial period |
| Mediation: | Completed prior to the Pretrial Conference.<br><br>Plaintiff must submit a mediation order[2] for entry by the Court once the date of mediation has been agreed and a mediator selected. |

---

[2] All mediation orders shall contain the following language: *All parties, counsel, authorized representatives and other mediation participants are hereby ordered to turn on your video cameras (and visually appear in your video) for the duration of the mediation conference unless otherwise excused by the mediator.*

9.    EXPERT WITNESSES. The following will govern proceedings related to expert witnesses.

a.    Within the time required in Paragraph 7 above, Plaintiff must disclose the expert witnesses (including both treating and hybrid experts) that Plaintiff actually intends to present at trial.  "Experts" is specifically defined in this order (wherever used) to include retained experts, treating experts and hybrid experts.

b.    Defendant must disclose the expert witnesses that Defendant actually intends to present at trial within 15 days of Plaintiff's expert witness disclosure or the time required by Paragraph 7, whichever is later.

c.    Plaintiff must disclose all rebuttal witnesses within 15 days of Defendant's expert witness disclosure or the time required by Paragraph 7, whichever is later.

d.    As used herein, "disclose" means furnishing in writing the expert's (a) name, business address and telephone number, (b) curriculum vitae or qualifications, (c) medical specialty or field of expertise, (iv) statement of the specific subjects upon which the expert will testify and offer opinions, and (v) the party or parties against whom the expert will be called to testify. Any changes in an expert's opinion or changes in the basis of the expert's opinion must be disclosed to all parties no less than 60 days prior to the Pretrial Conference.

e.    All out-of-court testing, experiments, or physical or mental examinations by experts must be completed prior to the expert's deposition.

10.    CLOSE OF DISCOVERY. Discovery closes 540 days after the initial filing of the action. All depositions must be completed by this date.  All answers to interrogatories, responses to requests to produce, and requests for admissions must be served by this date.  This deadline may only be extended by court order.  Joint stipulations to extend this deadline (without court order) do not alter the discovery deadline.

4

11.  MOTIONS:

    a.  PRETRIAL MOTIONS *(EXCLUDING MOTIONS IN LIMINE)*, MOTIONS FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS. Must be filed within 585 days of the date of the filing of the initial complaint and heard no later than 7 days prior to the Pretrial Conference. Late-filed motions are subject to summary denial.

    b.  MOTION IN LIMINE AND MOTIONS TO EXCLUDE WITNESSES OR EVIDENCE:  Motions in limine and motions to exclude witnesses or evidence must be filed and served prior to the Pretrial Conference. Motions in Limine must be scheduled and heard no later than 7 days prior to the beginning of the trial period. Motions in limine will not be heard during the trial period, absent good cause. No motion in limine may be scheduled for hearing unless it contains a certification of good faith attempt to resolve the matter at issue. Omnibus motions asking that the Court order the opposing party/counsel to comply with Florida law, the Florida Rules of Civil Procedure, and the Florida Rules of Professional Conduct are disfavored.

12.  MOTIONS FOR SUMMARY JUDGMENT. Motions for summary judgment are subject to the deadline imposed above. Failure to respond to a motion for summary judgment within the time required by Florida Rule of Civil Procedure 1.510(b) may result in the court granting any relief available pursuant to Florida Rule of Civil Procedure 1.510(e). Refer to and comply with any division requirements for additional requirements.

13.  EXCHANGE OF WITNESS LISTS AND EVIDENCE SCHEDULES. No less than 60 days before the Pretrial Conference, attorneys and unrepresented parties must serve the following:

    a.  A list of all witnesses including potential impeachment and rebuttal witnesses who may testify at trial. The list must: (a) provide the name, address and

5

telephone number of the witness, and (b) specify whether the witness is a liability, damage, rebuttal, or impeachment witness.

b.      A schedule of all exhibits, including depositions, a party may offer at trial, lettered sequentially. Exhibits must be described with specificity. For example, "all medical records" is insufficient.

14.     MEETING OF COUNSEL. No later than 15 days prior to the Pretrial Conference, lead counsel and pro se parties, if any, must meet. Live or videoconference attendance at this meeting by Lead Trial Counsel is mandatory. At the meeting, the attorneys and unrepresented parties must:

a.      Discuss and attempt to settle the case.

b.      Produce all documents to be offered at trial. Exhibits must be bates-stamped.

c.      Examine, and initial every exhibit (or entry on an Exhibit Schedule) to be produced by the opposing party at trial. The parties must agree on those exhibits which will be admitted as joint exhibits and those that can be admitted without objection. The parties must identify all other exhibits and specify all objections thereto. "Exhibit Schedules" must be prepared reflecting these separate categories of exhibits for each party. The Exhibit Schedules for each party must be attached to the Joint Pretrial Statement described below. Objections not noted are waived. Exhibits marked for identification must be listed alphabetically (*e.g.*, Ex. A) and, if received in evidence, will be listed numerically (*e.g.*, Ex. 1).

d.      Review opposing parties' witness lists.  Witness lists for each party must be attached to the Joint Pretrial Statement described below.

e.      Discuss and stipulate to any facts requiring no proof at trial.

f.      Discuss, clarify, and frame all factual issues of fact to be tried.

g.      Identify all legal, procedural, or evidentiary issues to be decided prior to or

6

during trial.

h.    Discuss any evidentiary stipulations.

i.    Agree upon and draft a concise statement of the case to be read by the Court at the beginning of voir dire.

j.    Discuss the proposed jury instructions (voir dire through closing) and verdict forms. Discuss whether the Court will instruct the jury on the law prior to opening statements and, if so, which jury instructions are to be read at that time.

k.    Prepare Jury Instructions and a Verdict Form. Jury Instructions and Verdict Form must be emailed to the division email address to which the case is assigned in Word format no later than 3 business days before the first day of trial. The email for the jury instructions shall contain the following header on the email: "JURY INSTR. **2025-CA-003022-O**." The email for the Verdict form shall contain the following header on the email: "VERDICT FORM **2025-CA-003022-O**." External hard drives are discouraged. The parties must designate which instructions are agreed and which instructions, if any, are in dispute. Jury instructions must include a cover page with the case style. Any blanks or bracketed terms contained in the standard jury instructions must be filled in or deleted if inapplicable.

l.    Discuss and attempt to agree upon any other matters leading to a more orderly and expeditious trial.

m.    Prepare a Pretrial Checklist if required by the division procedures to the division email. A courtesy copy of any required checklist must be emailed (but not filed) to the division email, together with the Joint Pretrial Statement, no less than 5 days prior to the Pretrial Conference. The email for the Checklist and the Joint Pretrial Statement must contain the following header on the email: "CHECKLIST & PTS **2025-CA-003022-O**." Counsel shall review and comply with any additional requirement of the division.

15.    JOINT PRETRIAL STATEMENT. The parties must confer on, and file, a Joint Pretrial Statement addressing the matters described below, no later than 5 days prior to the

7

Pretrial Conference, with a courtesy copy sent to the division email. If the Parties are unable to agree on the contents of the Joint Pretrial Statement, the differing views should be set forth within a single Joint Pretrial Statement. The Joint Pretrial Statement must contain the following:

a.    A statement of the case to be read to the jury at the beginning of voir dire.

b.    A statement of admitted facts that may be read at trial as a stipulation of counsel.

c.    A statement of the issues of fact to be tried.

d.    A statement of the unresolved issues of law, procedure or evidence.

e.    Each party's witness list.

f.    Each party's schedule of exhibits with objections.

g.    Any stipulation on evidentiary matters specifying the applicable matters to which such stipulation applies, e.g., authenticity, hearsay exceptions, etc.

h.    The number of peremptory challenges available to each party.

i.    An estimate of the number of jurors requested for the venire panel and a statement regarding the necessity of any jury panel in excess of 22 venirepersons.

j.    A current estimate of the number of days (to include voir dire) required for trial.

k.    The specific category of damages, including attorneys' fees, claimed by each party and, when possible, the amount of such damages sought by each party.

l.    A designation of Lead Trial Counsel. No change of Lead Trial Counsel may be made without leave of the Court if such change would disrupt the trial schedule.

m.    A list of all pending motions and date filed.  Motions not timely heard in accordance with the dates set forth herein are subject to summary denial.

n.    A list identifying, with specificity, any matters of which the parties will ask the Court to take Judicial Notice under sections 90.201 and 90.202, Florida Statutes, and any objections or agreement thereto by opposing counsel.

8

16.    DEPOSITION DESIGNATIONS. No less than 30 days prior to the beginning of the trial period, each party must file designations of the depositions it intends to offer at trial. Counter (or "fairness") designations and objections, if any, must be filed within 7 days of the deposition designations. Objections to the counter-designations shall be filed within 7 days thereafter. Deposition designations must be heard by the Court before the first day of trial unless the court directs otherwise. If the parties cannot resolve objections to deposition designations, and no hearing time can be coordinated, the party making the objection must submit to the court a properly marked copy of the deposition transcript along with a proposed order identifying the page and line of the testimony to which the party objects, the basis for the objection, and a blank space for the Court to rule no later than 7 days prior to the first day of trial.

17.    *[FOR OPENING STATEMENTS ONLY]*: DEMONSTRATIVE AIDS, COMPUTER SLIDESHOWS AND/OR POWERPOINT PRESENTATIONS. Demonstrative aids, computer slideshows and/or PowerPoint presentations counsel seek to use *during opening statement* must be shared with opposing counsel no less than 3 business days prior to the beginning of trial. Computer slideshows and/or PowerPoint presentations may refer to what a party believes the evidence will show if the parties agree that the matter will, in fact, be received in evidence. Computer slideshows and/or PowerPoint presentations may not include argument or citations to legal authorities. Disputes over demonstrative aids, computer slideshows and/or PowerPoint presentations must be heard by the Court before the first day of trial. If the parties cannot resolve disputes over computer slideshows and/or PowerPoint presentations (and no hearing time can be coordinated), the demonstrative aids, computer slideshows and/or PowerPoint presentations are subject to being excluded during Opening Statement, subject to Division procedures.

18.    NOTICE OF SETTLEMENT. In the event of settlement, the parties must immediately email the division to which the case is assigned. The email header to the division email must be in the following form: "SETTLEMENT: **2025-CA-003022-O**." Thereafter, the parties must file a Notice of Settlement signed by all parties. Noncompliance with this Paragraph will

9

result in the case remaining on the docket as well as the possible imposition of sanctions. When a Notice of Settlement is filed, the parties are required to appear at trial call on the first day of their designated trial period unless expressly advised they are excused from appearing. If the parties are advised they are excused from appearing at trial call, the parties are directed to conclude the settlement and file the appropriate dismissal within 60 days, or the court may *sua sponte* enter an order of dismissal.

19.    DISCOVERY DISPUTES. All counsel and unrepresented parties must familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible. Counsel are also directed to familiarize themselves with Florida Rules of Civil Procedure 1.280(k), 1.340(a), 1.350(b), and 1.380.  Failure to comply with any Florida Rule of Civil Procedure may result in sanctions.

20.    MEET AND CONFER. The parties must comply with the "meet and confer" requirements of Florida Rule of Civil Procedure 1.202(d) **and** Administrative Order No. 2012-03. Any non-compliant motion or notice of hearing may be summarily stricken or denied by the Court, requiring resubmission of the motion, notice of hearing, or both.

21.    SANCTIONS. Failure to attend the meeting of counsel referenced above, the pretrial conference, or the trial, or to comply with the requirements of this order, may result in the imposition of appropriate sanctions, including but not limited to contempt, dismissal, default, striking of pleadings, exclusion of evidence, assessment of attorneys' fees or costs, or any combination thereof.

22.     AUDIO/VISUAL.  Requests for audio or visual equipment (or both) must be made at least three (3) business days in advance of trial to avoid delaying jury selection. All such requests must be made to the Ninth Circuit's Technology Support Department and not to the division email.  For assistance, see the Court's website: www.ninthcircuit.org, under Programs and Services, then Technology Support.

DONE and ORDERED in Orange County, Florida, on the date shown on the electronic signature.

eSigned by Eric J Netcher  04/09/2025 10:33:30 bF7YvNqf

**ERIC J. NETCHER**
CIRCUIT JUDGE


Copies to Counsel of Record
Via Florida's e-Filing Portal

Aberlynn Derosier

11

PROCESS RECEIVED:    4/8/2025 12:06:00PM
RETURN DAYS:    20
RETURN DATE:
SHOW CAUSE DATE:
WRIT #:    1344471
CIV-SUMMONS - INSOLVENT

SERVE TO:    FULL SAIL UNIVERSITY

HOME ADDRESS:

BUSINESS ADDRESS:    3300  UNIVERSITY BLVD
WINTER PARK, FL 32792
GERMAINE BROOKS
1400 PRINCE PHILIP DR
CASSELBERRY, FL 32707

SERVICE INFORMATION: (407) 836-4570 (9AM - 1PM)

PLAINTIFF: GERMAINE BROOKS
DEFENDANT:  FULL SAIL UNIVERSITY

**Orange County Sheriff's Office**
**Return of Service**

CASE:    2025CA3022O
COURT:    9TH JUDICIAL CIRCUIT COURT
COUNTY:    ORANGE

***** DO NOT POST**

SERVER:    CO26
ENTERED BY:    SGR
FEE CODE:    25
Fee/Xfee:    $ 0.00
WITNESS FEE:    $ 0.00
OVERPAYMENT:    $ 0.00
LEVY DEPOSIT:    $ 0.00

SERVED THIS PROCESS AT _12:30_ , ON _4/9/25_ IN ORANGE COUNTY, FLORIDA, BY:

☐ INDIVIDUAL SERVICE: By delivering to the within named individual a true copy of this process, with any attachments provided, and informing the individual of their contents.

☐ SUBSTITUTE SERVICE: By leaving a true copy of this process, with any attachments provided, and informing the individual of their contents:

_____    _____
Name                        Relationship

☐ CORPORATE SERVICE: By delivering a true copy of this process, with any attachments provided, to:

_____    _____
Name                        Title

as President, Vice President, or other head of the corporation; or in their absence, the cashier, treasurer, secretary, or general manager; or in their absence, any officer or business agent residing in the state; or the registered agent; or an employee at the corporation's place

☐ POSTED SERVICE: By attaching a copy of this process, with a copy of any attachments provided, to a conspicuous place on the property described within.  Neither the tenant(s) nor a resident 15 years old or older could be found a the tenant's usual place of residence, after the required amount of attempts.

☑ OTHER: By delivering a true copy of this process, with any attachments provided, to
_Eli KAWA_ , as _HUMAN RESOURCES ASSI_

☐ NON-SERVICE: And hereby return same unserved on: _____ (date/time) for the reason that after diligent search and inquiry, the within named could not be found in Orange County, Florida:

☐ NON-SERVICE: And hereby for reasons specified below on: _____ (date/time)

EXPLANATION:
PLAINTIFF: GERMAINE BROOKS

_Blds 180 University Park Dr_
_STE 150_

**SERVICE ATTEMPTS**

| Date/Time | | Date/Time | |
|---|---|---|---|
| 4/9 | 12:30 | | |
| | | | |
| | | | |
| | | | |

SHERIFF OF ORANGE COUNTY, FLORIDA

_Verna Patten_    _21/130/_

OFFICER    CALL SIGN    EID #

_VERNON PATTERSON_

RECEIVED BY  _UP_
Reviewed By _____

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.: 2025-CA-3022-0
Division: 40

Germaine Brooks

Petitioner,

APR 8 2025 11:56

and

Full Sail University

Respondent.

## SUMMONS:
## ORDEN DE COMPARECENCIA:
## CITATION:

TO/PARA/A: (name of party to be served), Full Sail University ,
{address (including city and state)/location for service} 3300 University blvd. ,
Winter park, FL 32792

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to
file a written response to the attached complaint/petition with the clerk of this circuit court.
A phone call will not protect you. Your written response, including the case number given above and the
names of the parties, must be filed if you want the Court to hear your side of the case.
If you do not file your written response on time, you may lose the case, and your wages, money, and
property may be taken thereafter without further warning from the Court. There are other legal
requirements. You may want to call an attorney right away. If you do not know an attorney, you may call
an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the
Court, you must also serve a copy of your written response on the party serving this summons at:
{Name and address of party serving summons}

If the party serving summons has designated email address(es) for service or is represented by an
attorney, you may designate email address(es) for service by or on you. Service must be in accordance
with Florida Rule of Judicial Administration 2.516.
Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit

Court's office. You may review these documents, upon request.

You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Designation of Current Mailing and Email Address).

# IMPORTANTE

Usted ha sido demandado legalmente, Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo  rotegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado immediatament. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica. Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante al tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

{Name and address of party serving summons}

# IMPORTANT

Des poursuites judiciaries ont ete enterprises contre ous. Vous avez 20 jours consecutifts a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre response ecrite, avec mentin du numero de dossier ci-dessus et du nom des paties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

{Name and address of party serving summons}

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

CIVIL DIVISION
425 North Orange Avenue, Room 350
Orlando, Florida  32801-1626

TIFFANY M. RUSSELL
CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk

IN THE CIRCUIT/COUNTY COURT OF THE _____9TH_____ JUDICIAL CIRCUIT
IN AND FOR __ORANGE__ COUNTY, FLORIDA

**Germaine Brooks**

Plaintiff/Petitioner or In the Interest of

CASE NO. _2025-CA-3022-O_

__Full Soul University__ vs.

Defendant//Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable up to 1 year in jail or up to $1,000 in fines, as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information provided on this application is true and accurate to the best of my knowledge.

Signed on __April 8__, 20 __25__.

Signature of Applicant for Indigent Status

Year of Birth __1/19/84__   Last 4 digits of Driver License or ID Number __019-0__   Print Full Legal Name: __Germaine Brooks__

Email address: __germaine.brooks9410@gmail.com__   Phone Number/s: __407 5879065__

Address: Street, City, State, Zip Code __1400 Prince Philip Dr. Casselberry, FL 32707__

Notice to Applicant: If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have __1__ dependents. *(Do not include children not living at home and do not include a working spouse or yourself.)*

2. **My take home pay is $__150__** paid ☑ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other _____.
*Include cash payments. Include only your "net" pay. Your take home pay (net income) is your total salary and wages minus deductions required by law, including court-ordered support payments.*

3. **I have other income paid** ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other __None__.
*(Check "Yes" and fill in the amount if you have this kind of income, otherwise check "No")*

| | | |
|---|---|---|
| Social Security benefits ☐Yes $_____ ☑No | Workers compensation ☐Yes $_____ ☑No | |
| Unemployment compensation ☐Yes $_____ ☑No | Regular support from absent family members ☐Yes $_____ ☑No | |
| Union payments ☐Yes $_____ ☑No | Rental income ☐Yes $_____ ☑No | |
| Retirement/pensions ☐Yes $_____ ☐No | Dividends or interest ☐Yes $_____ ☑No | |
| Trusts ☐Yes $_____ ☑No | Other kinds of income not on the list ☐Yes $_____ ☑No | |
| Veterans' benefits ☐Yes $_____ ☑No | | |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, <u>although I may agree to pay more if I choose to do so.</u>

4. **I have other assets:** *(Check "yes" and fill in the value of the property, otherwise check "No")*

| | | |
|---|---|---|
| Cash ☐Yes $_____ ☑No | Bank/Savings account ☐Yes $_____ ☑No | |
| Car/Motor Vehicle* ☐Yes $_____ ☐No | Stocks/bonds/Certificates of Deposit ☐Yes $_____ ☑No | |
| Money market accounts ☐Yes $_____ ☑No | Homestead real estate ☐Yes $_____ ☑No | |
| Boats/other tangible property* ☐Yes $_____ ☑No | Non-homestead real estate* ☐Yes $_____ ☑No | |
| *show loans on these assets in paragraph 5 | Other assets* ☐Yes $_____ ☐No | |

Check one: I ☐ DO/ ☑DO NOT expect to receive more assets in the near future. The asset and value is _____.

5. **I have total liabilities and debts in the amount of $_____.** I have loan balances on assets in paragraph 4:
Car/Motor Vehicle $__40,000__; Homestead $_____; Non-homestead real estate $_____; Boat $_____;
Other tangible property (identify here) _____ and loan balance $__24,000__ Student loans

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be (☑ Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on __APRIL 8TH__, 20 __25__.

TIFFANY MOORE RUSSELL
Clerk of the Circuit Court
By _____, Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.**
Sign here if you want the judge to review the clerk's decision _____

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office.
Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this __8TH__ day of __APRIL__ 2025.
Tiffany Moore Russell, Clerk of the Circuit Court
By: _____ Deputy Clerk

2025-CA-3022-0

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

Germaine Brooks
Plaintiff,

VS.

FULL SAIL UNIVERSITY LLC. , THOMAS LACROIX, JESSICA MUND, XAVIER LOPEZ, SHAUN RAMKISSOON, ELAINE SAUNDERS, SUNDAI LLOYD, RICK WATERS, ANDREW MUND, HEATHER MINAROVIC

Defendants,

Amended
COMPLAINT

COMES NOW Plaintiff, GERMAINE BROOKS and files this action alleging as follows:

1.  This is an action seeking monetary compensation for violation of Florida Civil rights due to discrimination

2. Venue of this action is proper in Orange County, Florida the location of the corporation discriminated against Plaintiff in said county.

3. Plaintiff, GERMAINE BROOKS, is a former employee Who has been grossly discriminated against.

4. FULLSAIL UNIVERSITY, LLC (hereinafter called the "DEFENDANT "), Acted in a unlawful manner in discrimination and retaliatory action against Plaintiff.

5. Plaintiff was a former employee of Full Sail University a for profit entertainment based college in Winter Park, FL. Plaintiff worked as an admissions guide at the company assisting students who have aspirations in the entertainment industry to apply to attend Defendants university.

6. Plaintiff has an extraordinary background in Film, Music and Television. Plaintiff has appeared in some of the most watched shows on television in prominent recurring roles.This places plaintiff in a unique space as being an extremely qualified employee based on actual real world experience in the industry the Defendants university specializes in.

7. Plaintiff was an employee at the defendants company for over 8 years in a position that has a very high turnover rate once again exemplifying their level of expertise and qualifications for the occupation.

8. Plaintiff repeatedly expressed discomfort with discriminatory practices of defendant and was met with retaliation due to speaking out against the unsavory work environment.

9. Defendant discriminated against plaintiff by offering different treatment to other employees of different origins, race, or cultural backgrounds.

10. Defendant created a pattern of events that constantly Punished plaintiff differently and more harshly than other individuals due to plaintiffs race.

11. Plaintiff endured racist statements and insensitivity even after expressing concerns of events.

12. Plaintiff was accosted in the break room and asked to show their identification card and verify they were an employee or security would be called. Caucasian counterparts present were not treated in this fashion.

13. Plaintiff was unjustly suspended after an incident where a Caucasian employee used a racial slur during an altercation. Plaintiff was punished without being offered the opportunity to tell their account of events. Defendant only spoke to the Caucasian employee although plaintiff expressed discomfort with the verbiage levied against them and prior events.

14. Plaintiff was ignored by the Human Resources department for months while others were treated differently and concerns were heard. HR department of defendants company intentional ignored defendant for months and refused to respond, all while servicing issues of  others not of defendants race.

15. Plaintiff spoke to other Black employees who also felt the work environment was discriminatory.

16. Other black employees were fired for minor issues that Caucasian employees retained their jobs after doing the same things.

17. A Black supervisor who was fired by defendant made social media posts detailing the problems with diversity at Full Sail University. Exemplifying the discriminatory practices of the workplace.

18. Plaintiff expressed discomfort at the verbiage in Defendants application for students. No other race listed contained a location. Ex: "White"is simply "white" while Black is listed as "Black and or African American". Plaintiff expressed to management numerous times how this could be an issue.

19. Plaintiffs was suspended by without pay for two full weeks right before Christmas by defendant for advising a student who expressed she was of Nigerian descent to put "Black and or African American" on the application for prospective students.

20. Plaintiff challenged suspension listen above and had the suspension overturned by HR showcasing that the defendant wrongfully suspended plaintiff.

21. Human Resources was forced to address plaintiffs concerns on discrimination and even arranged for plaintiff to speak to the Vice president of the university who promised to change.

22. Plaintiff was denied entry into a holiday work party although they presented sufficient credentials while others were granted access without any credentials at all.

23. Defendant Jessica Mund abused her authority calling plaintiff a racial slur while also calling security on plaintiff for no reason at all while senior level executives were present causing embarrassment and lowering job prospects for plaintiff.

24. After the incident with Jessica Mund the plaintiff was placed on suspension that same day. Defendant only spoke to Ms. Mund and not to plaintiff to hear plaintiffs version of the events.

25. Jessica Mund's Husband works at Full Sail university as well and due to their relationship with the plaintiffs supervisor. Plaintiff was not treated fairly and justly.

26. Plaintiff was placed on suspension once again without even being offered the opportunity to explain their side of events before being suspended. This suspension subsequently turned into a termination due to the discriminatory practices of the defendant.

27. Plaintiffs has suffered mental despair and financial ruin due to the discriminatory acts of the Defendants.

Plaintiff has had to to act in Pro Se to bring action against his former employer.

WHEREFORE, Plaintiff, prays that:
A This Court take jurisdiction over the subject matter hereof and the parties hereto;
B. This Court protects plaintiffs civil rights granted under Florida law.
C. This court requires defendant to submit all electronic data such as but not limited to emails that plaintiffs has been blocked out of since being terminated.
D. This Court enter an appropriate judgement upholding plaintiffs civil rights by awarding monetary damages. Plaintiff has suffered
Lost of wages, pain and suffering, humiliation, damage of reputation, lost earning capacity and more due to discrimination by the defendant.

E. Plaintiff be reimbursed for the costs of this action, including a reasonable attorneys' fee.
F. This Court grant such other and further relief as may be just and proper.

Dated this 14th day of April, 2025.

GERMAINE BROOKS
1400 Prince Philip Dr.
Casselberry, FL 32707

Telephone: (407) 587-9065
Primary: Germaine.brooks941@gmail.com

Filing # 222008815 E-Filed 04/29/2025 11:41:21 AM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA**

**GERMAINE BROOKS,**

       **Plaintiff,**

                              **CASE NO.:  2025-CA-3022-0**

**vs.**

**FULL SAIL UNIVERSITY LLC.**

       **Defendant.**

_____/

**<u>DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL</u>**

Defendant, FULL SAIL UNIVERSITY LLC, by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(d), hereby provides notice that on April 29, 2025, it is filing a Notice of Removal of this action to the United States District Court for the Middle District of Florida, Orlando Division.  A copy of the Notice of Removal is attached hereto as **Exhibit A**.  As provided by 28 U.S.C. § 1446(d), the Ninth Judicial Circuit, in and for Orange County, Florida, shall proceed no further in this action.

Dated: April 29, 2025

                                     Respectfully submitted,

                                     _/s/ Mary Caroline Cravatta_

                                     Larry S. Perlman
                                     Florida Bar No. 91934
                                     lperlman@foley.com
                                     FOLEY & LARDNER LLP
                                     90 Park Avenue
                                     38th Floor
                                     New York, NY 10016
                                     Telephone: (212) 338-3482

                                     Mary Caroline Cravatta
                                     Florida Bar No. 125712
                                     mcravatta@foley.com

4910-6761-6055.1

2

FOLEY & LARDNER LLP
301 E. Pine Street
Suite 1200
Orlando, FL 32801
Telephone: (407) 423-7656

***Counsel for Defendant Full Sail, Inc.***

2

4910-6761-6055.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on April 29, 2025, a copy of the foregoing was electronically filed with the Clerk of Court by using the Florida Courts e-Filing Portal, which will effect service on all parties and counsel of record included on the Service List.

*/s/ Mary Caroline Cravatta*
Mary Caroline Cravatta

3

4910-6761-6055.1

# Exhibit A

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
Orlando Division**

**GERMAINE BROOKS**

      **Plaintiff,**

**vs.**                              **Case No.** _____

**FULL SAIL UNIVERSITY LLC**

      **Defendant.**

_____/

## NOTICE OF REMOVAL

Defendant, FULL SAIL UNIVERSITY LLC ("Full Sail" or the "University"), by and through its undersigned counsel, hereby files this Notice of Removal (the "Notice") of the action pending in the Ninth Judicial Circuit in and for Orange County, Florida.  In support of this Notice, Full Sail states as follows:

### BACKGROUND AND TIMELINESS OF REMOVAL

1.     Plaintiff, GERMAIN BROOKS ("Brooks"), commenced an action against Full Sail in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2025-CA-3022-0.  All pleadings and papers that have been filed and served in that action are attached to this Notice as **Exhibit 1**.

1

2.     Full Sail was served with the Complaint on April 9, 2025, and, therefore, this Notice is timely filed within 30 days of Full Sail's receipt of the Complaint, as required under 28 U.S.C. § 1446(b)(1). No further proceedings have been held herein, nor have any other pleadings or papers been filed other than those attached hereto as **Exhibit 1**.

### GROUNDS FOR REMOVAL — FEDERAL QUESTION

3.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, which gives federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

4.     According to Brooks' Complaint[1], his sole claim against Full Sail arises under Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII, in relevant part, prohibits discrimination in employment and retaliation against employees who engage in protected activity related to such discrimination. *See* 42 U.S.C. § 2000e-2.

5.     Brooks' Complaint appears to include two counts. Count I is a claim for alleged race discrimination in employment, while Count II is a claim for unlawful retaliation. Brooks brings both Counts under Title VII.

---

[1] Brooks filed his Complaint using a form for Federal Civil Cases.

2

6.      Thus, because both counts in the Complaint arise under Title VII, which is "a law of the United States," this Court has federal question jurisdiction over the same pursuant to 28 U.S.C. § 1331.

**PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

7.      Based on the above, this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and consequently that may be removed to this Court by Full Sail pursuant to 28 U.S.C. § 1441(a).

8.      This action was originally brought in Orange County, Florida, which is located within the Middle District of Florida, Orlando Division. Therefore, venue is proper because the action is being removed to the district court of the United States for the "district and division embracing the place where such action is pending" or should be pending, as required by 28 U.S.C. § 1441(a).

9.      Full Sail has given written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and is contemporaneously filing a copy of this Notice of Removal with the Clerk of the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

10.      By filing this Notice of Removal, Full Sail does not waive and expressly reserves all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, service of process, and personal jurisdiction.

**WHEREFORE**, Full Sail requests that the above-described action now pending in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida be removed therefrom to this Court.

Dated: April 29, 2025

Respectfully submitted,

*/s/ Mary Caroline Cravatta*

Larry S. Perlman
Florida Bar No. 91934
lperlman@foley.com
FOLEY & LARDNER LLP
90 Park Avenue
38th Floor
New York, NY 10016
Telephone: (212) 338-3482

Mary Caroline Cravatta
Florida Bar No. 125712
mcravatta@foley.com
FOLEY & LARDNER LLP
301 E. Pine Street
Suite 1200
Orlando, FL 32801
Telephone: (407) 423-7656

***Counsel for Defendant Full Sail, Inc.***

4

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on April 29, 2025, a copy of the foregoing

was electronically filed via CM/ECF and sent to Plaintiff via e-mail:

Germaine Brooks
1400 Prince Philip Dr.
Casselberry, Florida 32707
Germaine.brooks941@gmail.com

*Plaintiff*

/s/ *Mary Caroline Cravatta*
Mary Caroline Cravatta

5