UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION


GERMAINE BROOKS,

Plaintiff,

v.

Case No. 6:25-cv-00744-JSS-RMN

FULL SAIL UNIVERSITY LLC,

Defendant.

_____/


**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO REOPEN CASE AND ESTABLISH GOOD CAUSE**

COMES NOW the Plaintiff, Germaine Brooks, and respectfully files this Reply to Defendant's Response in Opposition to Plaintiff's Motion to Reopen Case and Establish Good Cause, and states the following:

**I. GOOD CAUSE EXISTS UNDER RULE 60(b) TO REOPEN THIS CASE**

1. Plaintiff brings this reply pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6), which provide for relief from a final judgment based on mistake, inadvertence, excusable neglect, or any other reason that justifies relief.

2. Plaintiff, a pro se litigant, encountered ongoing technical and procedural barriers, including a non-functional PACER account, which prevented him from accessing court orders, deadlines, and motions filed in this matter.

3. Plaintiff's inability to access PACER was not willful or avoidable. To this day, Plaintiff remains locked out of the system and unable to track or respond to activity in the case in real time.

## II. MAILINGS WERE NOT SENT CERTIFIED AND WERE NOT RECEIVED

4. Defendant claims that Plaintiff was properly served via U.S. Mail at the address listed in the Complaint. However, none of the Court's or Defendant's mailings were sent certified or with proof of delivery.

5. As such, there is no evidence that Plaintiff actually received the Initial Order (Doc. 5), the First Show Cause Order (Doc. 12), or the Notice of Hearing (Doc. 15). Plaintiff did not receive these documents, and only learned of the dismissal after receiving the final Dismissal Order.

6. Standard mail does not ensure delivery, and in cases involving due process rights, courts should not presume notice based on regular, uncertified mail—especially when the pro se litigant consistently raised the issue of lack of notice and docket access.

## III. PLAINTIFF REQUESTED REMAND TO STATE COURT AND RECEIVED NO RESPONSE

7. Plaintiff previously filed a motion to remand this case back to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, where it was originally filed.

8. Despite that filing, the Court never addressed or ruled on the motion, leaving Plaintiff in procedural limbo. This omission denied Plaintiff his opportunity to have jurisdictional questions properly resolved and undermined his ability to proceed in the forum of original choice.

## IV. UNFAIR LITIGATION ADVANTAGE FOR DEFENDANT DUE TO PACER ACCESS

9. Defendant's attorneys have maintained full electronic access to the docket and all filings, while Plaintiff was left without meaningful access to PACER.

10. This disparity gave Defendant a clear and unfair litigation advantage, allowing them to proceed with motions and scheduling while Plaintiff was unaware of key deadlines and hearings.

11. Plaintiff should not be punished for procedural missteps that occurred because of structural disadvantages and lack of access, especially where the Court never confirmed receipt or delivery of the documents Plaintiff allegedly missed.

## V. PLAINTIFF IS PREPARED TO FULLY PARTICIPATE IF CASE IS REOPENED

12. Plaintiff is now better informed about the litigation process and prepared to:

- File responses to outstanding motions,
- Comply with case management deadlines,
- Fully participate in proceedings either in federal or state court.

## VI. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff's Motion to Reopen the Case,
2. In the alternative, remand this case back to the state court where it was originally filed, and
3. Grant such other and further relief as the Court deems just and proper.

Dated: August 4, 2025

Respectfully submitted,


/s/ Germaine Brooks

Germaine Brooks

Email: germaine.brooks941@gmail.com

Pro Se Plaintiff